# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2013

No. 13-30264
Summary Calendar

Lyle W. Cayce
Clerk

VICTORIA HAMANN, individually and on behalf of the decedent, Dean Hamann; NICOLE HAMANN, individually and on behalf of the decedent, Dean Hamann; JESSICA HAMANN, individually and on behalf of the decedent, Dean Hamann; SARAH HAMANN, individually and on behalf of the decedent, Dean Hamann; NATALIE HAMANN, individually and on behalf of the decedent, Dean Hamann,

Plaintiffs - Appellants

v.

INDEPENDENCE BLUE CROSS; AMERIHEALTH ADMINISTRATORS, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2545

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30264

Plaintiffs Victoria Hamann, Nicole Hamann, Jessica Hamann, Sarah Hamann, and Natalie Hamann, individually and on behalf of the decedent, Dean Hamann, (the "Plaintiffs") appeal the district court's grant of Independence Blue Cross and Amerihealth Administrators, Inc.'s (the "Defendants") motion to dismiss the Plaintiffs' claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1) (2006).  We AFFIRM.

I.

Dean Hamann was diagnosed with chronic lymphocytic leukemia and later developed myelodysplatic syndrome.  As a result, physicians treating Mr. Hamann requested that the Defendants approve stem cell transplant ("SCT") therapy along with a trial study.  Although Mr. Hamann's benefits plan ("the Plan") covered SCT therapy, the Defendants denied the request because the Plan excluded coverage for trial studies.  In their denial of coverage, the Defendants did not state that SCT therapy would be approved if requested without the trial study.  Mr. Hamann's doctors appealed the denial, again requesting SCT therapy along with a trial study.  The Defendants once again denied coverage, stating the requested treatment was "experimental" and, therefore, not covered under the Plan.  Mrs. Hamann contacted Amerihealth Administrators—the Plan's administrators—directly and was told the Defendants denied coverage for SCT therapy because it was not requested apart from the trial study, which could not be covered under the Plan.  Mr. Hamann's doctors once again appealed the denial of coverage, requesting SCT therapy combined with a trial study, or, in the alternative, SCT therapy alone.

This time, more than three months after the initial request, the Defendants approved the SCT therapy but not the trial study.  Unfortunately, by the time the approval was granted, Mr. Hamann's health had deteriorated.  Consequently, he could not undergo SCT therapy and died shortly thereafter.

No. 13-30264

The Plaintiffs sued, alleging the Defendants violated their duty to fairly and timely approve the benefits due Mr. Hamann under the Plan. The Plaintiffs requested the full value of SCT therapy under ERISA § 502(a)(1)(B). They also asserted a cause of action for survival and wrongful death under Louisiana Civil Code articles 2315.1 and 2315.2.

The Defendants filed a motion to dismiss, which the district court granted. The district court held that the Plaintiffs' state law claims were preempted by ERISA and that § 502(a)(1)(B) does not allow individuals to recover the value of the benefits due when the beneficiary never received the medical care.

The Plaintiffs appealed, arguing that despite Mr. Hamman never having received or paid for the requested treatment, §502(a)(1)(B) allows them to recover the value of the SCT therapy as a "benefit owed" under the Plan.[1]

## II.

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). ERISA includes expansive preemption provisions, as well as a comprehensive legislative scheme, including "an integrated system of procedures for enforcement." *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). ERISA § 502(a)(1)(B)

---

[1] Plaintiffs did not appeal the district court's dismissal of their state-law claims.

provides a cause of action to "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a)(1)(B). The Supreme Court has interpreted this statutory provision narrowly, stating that it does not permit the recovery of extracontractual damages or damages based on undue delay in administration of a disputed claim. *Russell*, 473 U.S. at 144. Instead, a plain reading of this provision provides that when a "participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210-11 (2004) (noting that when benefits are denied, the participant or beneficiary can either pay for the treatment and then seek "reimbursement through a § 502(a)(1)(B) action, or . . . [seek] a preliminary injunction").

Importantly, the relief provided by § 502(a)(1)(B)—the right to sue to *receive* benefits (or reimbursement for payments made)—is exclusive of other remedies. *See Russell*, 473 U.S. at 145-47 (rejecting an argument that § 502(a)(1) provides a damages remedy when undue delay causes harm to a beneficiary, and holding that "[t]he federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide" (citation and quotation marks omitted)); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 31 (5th Cir. 1993) ("Had Congress intended to develop ERISA remedies additional to the ones it specifically crafted, it has had ample opportunity to enact such legislation. Since Congress has not translated its intent into law, we are loathe to take this initiative on our own.").

Despite our settled precedent holding that the relief specifically provided by ERISA is exhaustive, the Plaintiffs argue that § 502(a)(1)(B) also permits recovery of the value of benefits that the Defendants *should have* approved and paid for under the Plan. We must reject the Plaintiffs' position. While

No. 13-30264

§ 502(a)(1)(B) allows beneficiaries and plan participants to recover benefits to which they are entitled, it does not provide that beneficiaries can recover benefits they did not, and now cannot, receive. As the Court stated in *Davila*, the civil remedies provision allows an individual to recover the value of benefits wrongly withheld only as *reimbursement* if he pays for the wrongfully denied treatment. 542 U.S. at 211. There is nothing in § 502(a)(1)(B) to suggest that this provision can be used to require the Defendants to pay the value of a benefit that was never received.[2] *See Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

Thus, the only available remedies against the Defendants in this case were for Mr. Hamann to petition for the benefits or to pay for the treatment and seek reimbursement under the plan.[3] *Davila*, 542 U.S. at 211. While the Defendants' approval of the SCT therapy tragically came too late for Mr. Hamann, we are bound by the specific relief provided by Congress under § 502(a)(1)(B) and, therefore, must AFFIRM the district court's dismissal of the Plaintiffs' claim.

---

[2] The Ninth Circuit has held, in similar circumstances, that because the remedies provided by ERISA § 502(a)(1)(B) are exhaustive, restitution is not available for a procedure that could not be completed due to the administration delaying its approval. *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1010 (9th Cir. 1998).

[3] Based on the court's reasoning in *Erwin v. Texas Health Choice, L.C.*, 187 F. Supp. 2d 661 (N.D. Tex. 2002), the Plaintiffs urge that foreclosing this remedy provides an incentive for insurance companies to deny claims for expensive services "because the patient likely would not have enough resources to pay for the services on his own, and the plan administrator would therefore escape responsibility for paying for the services in the event the patient dies." *Id.* at 669. We are without power to address this concern, because we are bound by ERISA's terms which do not provide the relief the Plaintiffs seek. *See Medina*, 983 F.2d at 31. It is for Congress to evaluate the policy arguments Plaintiffs make.